FILED
2008 AUG 15 PM 4:35
U.S. BANKRUPTCY COURT
BRUNSWICK, GA
SAMUEL L. KAY, CLERK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

IN RE: LESLIE FLOYD WILCHER )
ROSLAND ANITA WILCHER )
)
Debtors )

CHAPTER 7 CASE
NUMBER 06-20513

DO NOT PUBLISH

**MEMORANDUM OPINION AND ORDER**

This matter is before me on the Motion Seeking Discharge filed by Debtors Leslie Floyd Wilcher and Rosland Anita Wilcher. I decline to address whether the Wilchers are eligible for a discharge, having no evidence before me as to that question.

Instead, I treat the Motion as a request to grant a temporary exemption from the pre-petition credit counseling requirement *nunc pro tunc* when (1) the Wilchers received credit counseling from an approved credit counseling agency the day after the filing of their bankruptcy petition; (2) exigent circumstances existed at the time of the filing that merited a waiver of the pre-petition credit counseling requirement; and (3) a request for temporary exemption and an acceptable certification of exigent circumstances were filed, but (4) due to errors by the Wilchers' bankruptcy lawyer, the Clerk's office, and the offices

of the chapter 13 and chapter 7 trustees, a full two years passed between the filing of the petition and the filing of the request and the certification. For the reasons that follow, an exemption of thirty days is granted, retroactive to the date of the filing of the petition.

**Background**

On July 25, 2006, the Wilchers filed a chapter 13 bankruptcy petition and plan under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The next day, the Wilchers filed Certificates of Credit Counseling certifying that on that date--July 26--they each had received a briefing commonly referred to under BAPCPA as "pre-petition credit counseling," without which an individual "may not be a debtor" under the Bankruptcy Code, 11 U.S.C. § 109(h)(1).[1]

Notwithstanding that the Wilchers had not received credit counseling when they filed their petition, their lawyer

[1] Section 109(h)(1) provides in relevant part that

> an individual may not be a debtor . . . unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

did not at that time request for them a temporary exemption from the pre-petition credit counseling requirement. Such an exemption is available for up to 45 days, 11 U.S.C. § 109(h)(3)(B), to a debtor who certifies to the court's satisfaction that the debtor requested pre-petition credit counseling from an approved agency, but was unable to receive this service within five days of the debtor's request and that also describes exigent circumstances meriting a waiver of the pre-petition credit counseling requirement, 11 U.S.C. § 109(h)(3)(A)(i)-(iii).

The Clerk's office in opening the case apparently overlooked the fact that the Wilchers did not receive credit counseling until the day after they filed their petition, as well as the fact that the Wilchers did not file a certification of exigent circumstances that would merit a waiver. The chapter 13 trustee apparently also overlooked these filing deficiencies and did not raise the issue of the Wilchers' eligibility for bankruptcy relief. Consequently, the case proceeded under chapter 13 until it was converted to a case under chapter 7 on August 29, 2007, a little over a year after the filing of the original petition.

The Clerk's office at this juncture again apparently overlooked the deficiencies, as did the chapter 7 trustee. Consequently, another watershed event passed in this case without any party in interest objecting that the Wilchers had not

fulfilled the statutory requirements to be debtors under the Bankruptcy Code.

Finally, during the pre-discharge analysis nearly two years after the filing of the case, the Clerk's office discovered and alerted the Wilchers' lawyer to the pre-petition credit counseling deficiencies. At that point, with the Wilchers' anticipated discharge on hold, the lawyer filed the Motion.

At hearing approximately one month later, the Wilchers' lawyer described the purportedly exigent circumstances that prevented the Wilchers from receiving credit counseling until the day after the petition was filed. Further, he described an unsuccessful attempt to arrange pre-petition credit counseling by telephone and stated that Internet-based credit counseling could not be accomplished either. He also admitted that he had erred in failing to file a certification under § 109(h)(3)(A) by which the Wilchers could have received a temporary exemption from the pre-petition credit counseling requirement. At the close of the hearing, I gave the Wilchers thirty days in which to file an acceptable certification.

On July 30, 2008, the lawyer filed a document signed by both the Wilchers (the "Certification") to "certify" that when the Wilchers sought legal advice from their lawyer on July 25, 2006, they faced two financial emergencies that necessitated the filing of a bankruptcy petition that same day. The first

emergency was the imminent foreclosure on the family home. The second emergency was a writ of possession filed by a car dealer on one of the Wilchers' vehicles.

The Certification further certifies that their lawyer attempted to schedule a telephone credit counseling session that the Wilchers could complete before the bankruptcy case was filed, but that all the credit counselors at the approved agency were booked until early afternoon the following day. Consequently, the Wilchers received credit counseling at 1:45 p.m. and 1:50 p.m., respectively, on July 26, 2006. Their Certificates of Counseling were filed later that day.

At issue here are (1) whether the Certification meets the statutory standard for a temporary exemption from the pre-petition credit counseling requirement and (2) whether a *nunc pro tunc* exemption is proper under the particular circumstances of this case.

## Discussion

### I. The Certification Meets the Standard Under § 109(h)(3)(A).

The Certification meets the statutory standard for a temporary exemption from the pre-petition credit counseling requirement. To qualify for the exemption, a debtor must submit to the court a certification that



AO 72A
(Rev. 8/82)

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1) [i.e., § 109(h)(1)];
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A)(i)-(iii). The Certification meets each of the three of the statutory requirements.

A. <u>The document filed is a certification within the meaning of § 109(h)(3)(A).</u>

I have previously held that "a certification is, at a minimum, a written statement that the signer affirms or attests to be true." <u>In re Jones</u>, No. 08-20314, at 4-5 (Bankr. S.D. Ga. Apr. 28, 2008) (Memorandum Opinion and Order of Dismissal) (quoting <u>In re Cleaver</u>, 333 B.R. 430, 434 (Bankr. S.D. Ohio 2005)). Here, the Wilchers "certify" by their signatures that the statements in the Certification "are true and correct" (Certification ¶ 4). This language and the Wilchers' signatures are sufficient to make the document a certification under § 109(h)(3)(A).

B. The Certification adequately describes exigent circumstances that merit a waiver of the pre-petition credit counseling requirement of § 109(h)(1).

"Exigent circumstances" exist when "the debtor finds himself in a situation in which adverse events are imminent and will occur before the debtor is able to avail himself of the statutory briefing." Dixon v. LaBarge (In re Dixon), 338 B.R. 383, 388 (B.A.P. 8th Cir. 2006). Courts determine the existence of exigent circumstances on a case-by-case basis. In re Graham, 336 B.R. 292, 297 (Bankr. W.D. Ky. 2005).

Here, the imminent repossession of the Wilchers' vehicle meets the definition of exigent circumstances. It was imperative that the Wilchers file their bankruptcy case immediately or risk losing their means of transportation. Because the case had to be filed immediately and the approved credit counseling agency could not give them an appointment until the following day, the Wilchers were unable to avail themselves of the briefing before the filing of the case. The Certification thus satisfies § 109(h)(3)(A)(i).

C. The Wilchers requested pre-petition credit counseling from an approved credit counseling agency, but were unable to obtain pre-petition counseling within five days of the day they made their request.

Courts are divided on the question of what it means for the debtor to have been "unable to obtain the services referred

to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request," 11 U.S.C. § 109(h)(3)(A)(ii). Under one interpretation, a debtor cannot qualify for a temporary exemption from the pre-petition credit counseling requirement unless the debtor made the request for credit counseling at least five days before the filing of the bankruptcy petition. See, e.g., In re Dansby, 340 B.R. 564, 568-69 (Bankr. D.S.C. 2006) ("Congress . . . intended that each debtor request credit counseling at least five days before filing for bankruptcy to allow for careful consideration of alternatives.") Under this view, the court may not grant a temporary exemption when credit counseling is available within five days of the debtor's request, but is not available before the imminent adverse events will occur.

The better view is to read "services referred to in paragraph (1)" to mean, not simply credit counseling, but *pre-petition* credit counseling. Under this reading,

> the deciding consideration is whether the debtor is able to complete the mandate for *pre-bankruptcy* counseling during the five days after the request for that service. When exigent circumstances require bankruptcy protection in fewer than five days, the window for completion of counseling must collapse into the amount of time that is available.

In re Giambrone, 365 B.R. 386, 391 (Bankr. W.D.N.Y. 2007).

Here, the Wilchers requested pre-petition credit counseling on the same day they filed their bankruptcy petition. Consequently, the five-day window in § 109(h)(3)(A)(ii) between the time of the request and the time the agency could provide the service collapses into the time available before exigent circumstances compelled the Wilchers to file their petition—a matter of mere hours. Because the Wilchers could not get an appointment with the approved agency during this period of time, the Wilchers have satisfied the requirements of § 109(h)(3)(A)(ii).

D. <u>The Certification is satisfactory.</u>

Section 109(h)(3)(A)(iii) gives bankruptcy courts the discretion to grant a temporary exemption from the credit counseling requirement. "Whether the individual debtor's 'certification' is 'satisfactory' to the court is to be resolved on a case-by-case basis considering a totality of the particular facts and circumstances." <u>In re Graham</u>, 336 B.R. at 296.

Here, the facts as described in the Certification weigh in favor of granting a 30-day exemption. The Certification adequately explains the exigency of the imminent repossession of the Wilchers' vehicle and their unsuccessful attempt to get pre-petition credit counseling. The Certification also states that the Wilchers completed the required credit counseling the day

after the petition was filed. Further, the Certification is a "certification" under the meaning of the statute. Sufficient in both form and content, the Certification is thus satisfactory by a totality of the circumstances under § 109(h)(3)(A)(iii).

## II. A *Nunc Pro Tunc* Exemption is Proper.

I will not penalize the Wilchers for cumulative errors by their lawyer, by the Clerk's office, and by the chapter 13 and chapter 7 trustees when the Wilchers, after two years in bankruptcy, stand at the threshold of receiving a discharge. The Wilchers could have complied with the provisions of § 109(h)(3)(A) at the inception of their case, had their lawyer timely filed a request and a certification. These deficiencies could have been promptly cured had the Clerk's office exercised proper diligence in opening the case or had the chapter 13 trustee carefully reviewed the early entries on the docket and filed an objection. Failing that, the deficiencies could have been cured a year ago had the Clerk's office or the office of the chapter 7 trustee examined the record when the case was converted. But no one who should have noticed the deficiencies in this case did notice them--and neither, for that matter, did I.

There is no question that grounds existed when the case was filed for granting the Wilchers a 30-day exemption from the credit counseling requirement under § 109(h)(3)(B). Exigent

circumstances compelled the filing of the bankruptcy case before the Wilchers could get an appointment for credit counseling. The Wilchers completed the required credit counseling at the first available opportunity, one day after the bankruptcy case was filed, and their certificates of credit counseling were filed that same day.

It is therefore **ORDERED** that a 30-day exemption from the requirements of 11 U.S.C. § 109(h)(1) is granted to Leslie Floyd Wilcher and Rosland Anita Wilcher *nunc pro tunc* from July 25, 2006.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 14 day of August, 2008.

AO 72A
(Rev. 8/82)